IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 18, 2018

**CHARLES OWENS v. KEVIN GENOVESE, WARDEN**

**Appeal from the Circuit Court for Hickman County**
**No. 16-CV-49       James G. Martin, III, Judge**

————————————————————

**No. M2017-01251-CCA-R3-HC**

————————————————————

Pro se Petitioner, Charles Owens, appeals the dismissal of his petition for writ of habeas corpus by the Hickman County Circuit Court. On appeal, the Petitioner argues that his convictions for aggravated sexual battery are void because (1) the trial court announced his sentence through written order, without the Petitioner present, in violation of Tennessee Rule of Criminal Procedure 43(a)(3); and (2) the trial court ordered partial consecutive sentencing in violation of Tennessee Code Annotated section 40-20-111(a). Following our review, we affirm the dismissal of the petition, pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Charles Owens, Only, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Kim R. Helper, District Attorney General; and Brian Holmgren, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

Following a jury trial, the Petitioner was convicted of six counts of aggravated sexual battery involving a minor. State v. Charles Owens, No. M2005-02571-CCA-R3-CD, 2007 WL 1094136, at *1 (Tenn. Crim. App. Apr. 12, 2007), perm. app. denied (Tenn. Aug. 20, 2007). After a sentencing hearing, the trial court took the case under advisement and subsequently issued its ruling by written order. The trial court sentenced the Petitioner to eight years for each aggravated sexual battery conviction. Counts two and three were to be served consecutively with each other and to his conviction in count

one, and counts four, five, and six were to be served concurrently with his sentence in count one, for an effective sentence of twenty-four years. Id. In his direct appeal, which was affirmed by this court, the sole issue presented for review concerned prosecutorial misconduct. The Petitioner then filed a petition for post-conviction relief, alleging ineffective assistance of counsel, the denial of which was also affirmed by this court. Charles Owens v. State, No. M2009-00558-CCA-R3-PC, 2010 WL 1462529, at *1 (Tenn. Crim. App. Apr. 13, 2010), perm. app. denied (Tenn. Sept. 22, 2010).

Later, the Petitioner filed a Rule 36.1 motion arguing for the first time that his sentence was illegal and void because he was not present at his sentencing in violation of Rule 43(a)(3) of the Tennessee Rules of Criminal Procedure. State v. Charles Owens, No. M2015-01361-CCA-R3-CD, 2016 WL 943935, at *1 (Tenn. Crim. App. Mar. 14, 2016), perm. app. denied (Tenn. June 23, 2016). This court affirmed the trial court's dismissal of the motion and explained:

> The [Petitioner] could have pursued by direct appeal or petition for post-conviction relief his complaint that he was not present at his sentencing. Since his claim, even if true, goes to the methodology of his sentencing but would not result in his sentence being illegal, his motion failed to present a colorable claim for relief and was properly dismissed without a hearing.

Id. at *2.

The Petitioner filed the instant petition for writ of habeas corpus on August 26, 2016, alleging once more that his sentence was illegal and void pursuant to Rule 43(a)(3). He filed an amended petition for writ of habeas corpus on January 20, 2017, which was substantially similar to the prior petition except that it asserted a second error by the trial court in ordering partial consecutive sentences. The State filed a motion to dismiss the petition asserting that the Petitioner stated no cognizable claims for relief and the trial court granted the dismissal. In its written order, the trial court, noting this court's prior decision, concluded that the Petitioner's first claim attacked the "methodology by which the trial court imposed its sentence rather than alleging that the sentence itself was illegal or erroneous." The trial court reasoned that attacks on methodology do not qualify as fatal errors, but are instead appealable errors. As to the Petitioner's second claim, the trial court held that the relevant statute did not prohibit partial consecutive sentencing and the sentencing court was well within its discretion to impose the sentences ordered.

It is from this order that the Petitioner now timely appeals.

# ANALYSIS

The Petitioner argues that his sentence is illegal and void because (1) he was not present at the pronouncement of his sentencing, either in person or by video conference; and (2) the trial court was without authority to sentence him to both concurrent and consecutive sentences. The State contends, and we agree, that neither of the Petitioner's claims is cognizable and that dismissal was proper.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)). A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)).

A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)); Archer, 851 S.W.2d at 161-64. However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Summers, 212 S.W.3d at 259 (citations omitted). Tennessee Code Annotated section 29-21-107(b) requires that the petition state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning

the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b) (2006). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004).

As an initial matter, dismissal of this petition herein is proper because the Petitioner failed to comply with the procedural requirements set forth in Code section 29-21-107(b)(2). He failed to attach to his petition copies of the judgments, a copy of his sentencing transcript, and a copy of the trial court's final sentencing order. We acknowledge the Petitioner's filings requesting the clerk to supplement the appellate record with his exhibits; however, the clerk averred that no such attachments were included in the record. Accordingly, this court is unable to review the issue and dismissal of the petition is sufficient on this ground alone. See id. § 29-21-107 (b)(2); Summers, 212 S.W.3d at 259.

Notwithstanding the Petitioner's failure to follow procedural requirements, we conclude that the habeas corpus court properly dismissed the petition because the Petitioner failed to show that his judgment was void. In his first claim, the Petitioner argues that the trial court erred in issuing a final written sentencing order without the Petitioner present. He argues that this violates Rule 43(a)(3) and renders his sentence void. Tennessee Rule of Criminal Procedure 43(a) provides, in part, that a defendant's presence is required at the imposition of sentence, unless excused by the court upon the defendant's motion. This claim was previously presented to and rejected by this court. For the same reasons previously articulated, we again conclude that the Petitioner is not entitled to relief. Charles Owens, 2016 WL 943935, at *2 (noting that the Petitioner's claim that his sentence is void attacks the methodology of imposing the sentence and does not render the sentence illegal); State v. Wooden, 478 S.W.3d 585, 595 (Tenn.

- 4 -

2015) (citing Cantrell v. Easterling, 346 S.W.3d 445, 450-51 (Tenn. 2011) and State v. Deal, No. E2013-02623-CCA-R3-CD, 2014 WL 2802910, at *2 (Tenn. Crim. App. June 17, 2014)).

The Petitioner's second claim, that the trial court erred in ordering him to serve half of his sentences consecutively to count one and half concurrently to count one, in violation of Code section 40-20-111(a), also does not avail him relief. Tennessee Code Annotated section 40-20-111(a) states:

(a) When any person has been convicted of two (2) or more offenses, judgment shall be rendered on each conviction after the first conviction; provided, that the terms of imprisonment to which the convicted person is sentenced shall run concurrently or cumulatively in the discretion of the trial judge. The exercise of the discretion of the trial judge shall be reviewable by the supreme court on appeal.

(emphasis added). The plain language of the statute allows the trial court to render judgment on "each conviction," meaning that a trial court has the discretion to determine whether each individual conviction after the first shall be served concurrently or consecutively. It is within the trial court's discretion to impose partial consecutive sentences. See id.; State v. Ronald Lynn Cook, No. E2013-01441-CCA-R3-CD, 2014 WL 644700, at *2 (Tenn. Crim. App. Feb. 19, 2014) (concluding that the trial court did not abuse its discretion in imposing partial consecutive sentences); State v. Branham, 501 S.W.3d 577, 596-97 (Tenn. Crim. App. 2016) (same). Accordingly, dismissal of the habeas petition was proper.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the habeas court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

**CONCLUSION**

Based upon the foregoing reasoning and analysis, we affirm the judgment of the habeas corpus court.

_____
CAMILLE R. MCMULLEN, JUDGE